**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WILLIAM DEVAUX | § | |
| | § | |
| | § | CIVIL NO._____ |
| VS. | § | JURY DEMANDED |
| | § | |
| | § | |
| | § | |
| DILLARD'S, INC. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I. JURISDICTION AND PARTIES**

1. Jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 28 U.S.C. § 621 *et seq.*, and 28 U.S.C. § 1331, providing for relief against discrimination on the basis of age in employment.

2. All conditions precedent to jurisdiction have occurred or been complied with.

    (a) a charge of employment discrimination on the basis of age was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

    (b) A Notification of Right to Sue was received from the EEOC on February 27, 2017.

    (c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3. Plaintiff, William Devaux, is a citizen of the United States and the State of Texas who resides in Longview, Texas.

4. All the discriminatory employment practices alleged herein were committed within the State of Texas.

5. Defendant, DILLARD'S, INC. (hereinafter "Dillard's"), has continuously been and is doing business throughout the State of Texas. DILLARD'S may be served by delivering a copy of the

Complaint to its registered agent for service, CT Corp System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6. DILLARD'S is an "employer" within the meaning of 29 U.S.C. § 630 (b).

7. DILLARD'S is engaged in an industry that affects commerce within the meaning of 29 U.S.C. § 630 (b).

8. DILLARD'S employs 20 or more employees and is an "employer" within the meaning of 29 U.S.C. § 630 (b).

## II. STATEMENT OF FACTS

9. Prior to his termination, Plaintiff had been working for Dillard's since October, 1982. At the time of his termination Plaintiff was 59 years old (Date of Birth: 05/24/1957). Plaintiff had worked for Dillard's for 35+ years without any disciplinary issues at all. At the time of his termination, Plaintiff was employed as the store manager for the Dillard's store located in Tyler, Texas. Plaintiff lived in Longview, Texas and commuted to Tyler each work day.

10. Plaintiff's direct supervisor, Mike Hubbell was in the Tyler store during the first week in May 2016 to give him his yearly review. No issues or problems were raised during the annual review.

11. Two weeks later Hubbell returned to the store with his supervisor, Mike Litchford. Suddenly, Hubbell and Litchford were not pleased with "the way the store looked."

12. Plaintiff received a called the next day from Mike Hubbell stating that "they were losing confidence on whether I [Plaintiff] could run a store." Prior to this date, Plaintiff had been a store manager for twelve (12) years and been promoted three (3) times to run a larger store each time.

13. Two weeks later Plaintiff went on vacation and Mike Hubbell visited the store while Plaintiff was on vacation.

14. When Plaintiff returned from vacation, Plaintiff received a phone call saying the store had not improved. Mike Hubbell informed Plaintiff that he was planning on meeting with him for the

purposes of issuing a final warning, but it was up to Plaintiff whether he wanted to keep his job.

15. On June 16, 2016, two weeks from the phone call with Hubbell, Plaintiff was terminated.

16. The day Plaintiff was fired, a 32 year old female was hired that same afternoon to replace him. Therefore, Plaintiff alleges that the reason(s) for his termination was false and, therefore, a pretext for age discrimination.

### III. CLAIMS FOR RELIEF

### ADEA - 29 U.S.C. § 621 *et seq*.

17. Plaintiff is informed and believes and therefore alleges that Defendant replaced him in the position, which he formerly held with Defendant with a significantly younger employee.

18. The termination of Plaintiff by Defendant was because of Plaintiff's age, which violates 29 U.S.C § 623(a)(1) and therefore entitles Plaintiff to relief under the provisions of 29 U.S.C. §626.

19. At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic age discrimination against Plaintiff by inter alia:

   a. Failing to equalize conditions of employment for Plaintiff as contrasted with comparably trained and qualified younger employees; and,

   b. Adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement designed to discriminate against Plaintiff in favor of younger employees.

20. The termination of Plaintiff's employment by Defendant constitutes a willful violation of 29 U.S.C. § 623 and as such entitles Plaintiff to recover double damages.

### IV. DAMAGES

21. As a direct and proximate result of DILLARD'S's discrimination on the basis of age and violation of the ADEA, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

22. Plaintiff would show that Defendant intentionally violated the ADEA and is therefore liable to Plaintiff for liquidated damages.

23. Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 626.

24. Plaintiff demands trial by jury.

## V. RELIEF REQUESTED

20. Plaintiff requests the judgment of this Court against Defendant, DILLARD'S as follows:

   (a) Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of his age;

   (b) Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been reinstated to his position;

   (c) Award Plaintiff liquidated damages in an amount equal to his actual damages to be determined at trial of this matter;

   (d) Enjoin DILLARD'S from any further prohibited discrimination against Plaintiff;

   (e) Award Plaintiff his attorney fees, including litigation expenses, and the cost of this action; and

   (f) Grant such other and further relief as may be just and proper.

Respectfully submitted,

\_\_\_/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Fax

ATTORNEY FOR PLAINTIFF